UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| KRISTY L. BRESSLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -v- | ) | Case No. 2017 CV 50278 |
| | ) | |
| ROCKFORD TOOLCRAFT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This is a sexual harassment, retaliation and violation of the Americans with Disabilities Act case brought by the Plaintiff, Kristy L. Bressler, against the Defendant, Rockford Toolcraft, Inc. Damages for lost wages and benefits and for emotional distress are sought against the Defendant. Trial by jury is demanded.

## JURISDICTION AND VENUE

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 *et seq.,*.

2. Venue is proper under 28 U.S.C. § 1391 in that the Plaintiff resides in and all of the acts complained of took place in the Northern District of Illinois, Western Division.

3. This Court has jurisdiction in this cause under 28 U.S.C. sections 1331, 1334 and 1367.

4. At all times material to the issues raised in this Complaint, the Defendant was engaged in interstate commerce.

## PARTIES

5. The Plaintiff, Kristy L. Bressler is a Caucasian female who resides in the City of Rockford, County of Winnebago, and State of Illinois.

6. The Defendant is Rockford Toolcraft, Inc. whose principal place of business is located at 766 Research Parkway, Rockford, Illinois.

7. Both the Plaintiff's residence and the Defendant's principal place of business are located in the Western Division.

## FACTUAL ALLEGATIONS

9. The Plaintiff began employment with the Respondent on or about December 26, 2012. Plaintiff's most recent position was Spot Welder.

10. From the time that I began my employment with the Defendant it was aware that I suffered from depression with anxiety.

11. Beginning in July, 2013 and continuing through February, 2016, Cheyanne Sipes, the setup man assigned to me, harassed me in an offensive and sexual manner, including, but not limited to:

    a. making unsolicited and unwelcome sexually orientated comments in the presence of the Plaintiff;

    b. making unsolicited and unwelcome sexually orientated comments about the Plaintiff's looks, mode of dress, or parts of her body;

    c. making unsolicited and unwelcome solicitations for Plaintiff to engage in sexual activity with him;

    d. touching the Plaintiff in an unsolicited and unwelcome sexual manner; and

    e. engaging in unsolicited and unwelcome sexual behavior in the presence of the Plaintiff.

12. The Plaintiff consistently told Mr. Sipes that his advances were unwelcome and to stop.

13. Mr. Sipe did not stop his unsolicited and unwelcome conduct of a harassing nature.

14. The Plaintiff's direct supervisor was Dave Finton.

15. Mr. Finton was frequently physically present when Mr. Sipe would approach the Plaintiff and engage in the unsolicited and unwelcome conduct of a harassing nature.

16. In May, 2015, Plaintiff complained to Daniel McKee, Defendant's Human Resources Manager about Mr. Sipe's unsolicited and unwelcome conduct. However, she did not mention Mr. Sipe by name.

17. Plaintiff also made a complaint to Peter McKee who was higher up in the hierarchy of Defendant's Human Resources Department in May, 20115, and requested a transfer to a different plant. Plaintiff was advised that there were no openings at another plant and that she would have to be placed on a waiting list.

18. After Plaintiff made her complaint to Human Resources, Mr. Finton, he subjected her to unfair disciplinary action, constantly screamed at her in the presence of co-workers, allowed her co-workers to drink alcohol on the job jeopardizing her personal safety and giving Plaintiff the difficult jobs while giving his wife, who was Plaintiff's co-worker, the less difficult jobs.

19. During this period, the Plaintiff's anxiety increased and she became more depressed.

20. During the month of June, 2015, Mr. Sipes, who was Plaintiff's setup man, stopped helping her.

21. During the month of June, 2015, Mr. Fenton would not assist the Plaintiff with the setup of her welding work when Mr. Sipe would not do so.

22. Plaintiff became increasingly anxious and depressed.

23. On or about June, 26, 2015, Plaintiff applied for and was granted leave under the provisions of the Family and Medical Leave Act (FMLA).

24. Plaintiff's leave intermittent so she had a total of twelve weeks over a twelve-month period.

25. The Plaintiff exhausted the intermittent FMLA leave.

26. On or about October 28, 2015, Dave Finton, in the presence of the Plaintiff, made the following comment: "Why buy the cow when you can get the milk free."

27. Plaintiff had a panic attack and was off work until January 2, 2016.

28. Plaintiff worked was able to work a total of two and one half days between January 2, 2016 and February 6, 2016.

29. In February, 2016, Daniel McKee, offered to transfer the Plaintiff to another plant.

30. Plaintiff accepted the transfer.

31. Plaintiff reported to work for the second shift at the new plant on or about February 8, 2016.

32. Plaintiff worked on February 8 until meal time without incident.

33. While on her meal break on February 8, Plaintiff had a conversation with Ray Perez, a co-worker. Mr. Perez informed her that Dave Finton called Jose Pena, foreman for the second shift, and informed him to tell all of Plaintiff's co-workers to avoid her, not talk to her, because she will claim harassment and try and get them fired.

34. After her meal break, Plaintiff confronted a few of her co-workers and they confirmed what she had been told by Mr. Perez.

35. Plaintiff finished her shift on February 8, 2016 but did not return to work for the Defendant thereafter.

36. The Plaintiff has not been able to secure employment since February, 2016.

37. That on September 30, 2016 the Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC). A copy of which as attached as Exhibit A and incorporated herein by reference.

38. That the Plaintiff received a Dismissal and Notice of Rights dated June 8, 2017, a copy of which is attached as Exhibit B and incorporated herein by reference.

## COUNT ONE
## SEXUAL HARASSMENT-HOSTILE WORK ENVIRONMENT

39. The Plaintiff realleges paragraphs 1-38.

40. The Defendant was aware of the sexual harassment of the Plaintiff by Cheyanne Sipes.

41. The conduct of Mr. Sipes, and either condoned or allowed to occur by the Defendant created a hostile work environment from which the Plaintiff suffered humiliation, indignation, injury to her feelings and emotional distress with physical manifestations.

42. By advising the Plaintiff's co-workers at the plant to which she was transferred to avoid the sexual harassment of Mr. Sipes not to talk to the Plaintiff because she will accuse you of sexual harassment, the Defendant created a hostile work environment for the Plaintiff that made her unable to return to work for Defendant resulting in her being constructively discharged.

43. As a proximate cause of the Defendant's conduct as described herein, the Plaintiff

Suffered damages in the form of lost wages, lost benefits, and emotional distress with physical manifestations.

WHEREFORE, the Plaintiff demands judgment against the Defendant and requests the following relief:

A. Back pay and front pay for lost wages;

B. The monetary equivalent of the value of the benefits that she lost as a result of the Defendant's wrongful conduct;

C. Compensatory damages for the emotional distress caused by the Defendant's conduct;

D. Reasonable attorney's fees and reimbursement for her costs in pursuing this claim and;

E. Such other relief as the Court determines to be right and just.

## COUNT TWO
## VIOLATION OF THE AMERICAN DISABILITIES ACT

The Plaintiff realleges paragraphs 1-36 of the Complaint.

44. Depression with anxiety is a disability as defined in Section 12102 of the Americans with Disabilities Act (ADA) in that it is a physical impairment that substantially limits a major life activity.

45. The Plaintiff is an employee as defined in Section 12111 (4) of the ADA.

46. The Defendant is an employer as defined in Section 12111 (5)(A) of the ADA in that it was engaged in an industry affecting commerce and had more than 15 employees for each working day in each of the 20 or more consecutive calendar weeks in the current or preceding calendar year.

47. At all times relevant to the matters raised in this Complaint, the Plaintiff was able to perform the essential of the jobs to which she was assigned by the Defendant without any accommodation.

48. In May, 2015, the Plaintiff complained to the Defendant's Human Resources Department about the sexual harassment she was experiencing.

49. Plaintiff informed the Defendant that the hostile work environment was causing her increased anxiety.

50. In June, 2015, Plaintiff had to take intermittent leave pursuant to the FMLA because the anxiety made it impossible for her to work at times.

51. The Defendant, for a period of several months, after the Plaintiff exhausted her FMLA, leave refused to reasonably accommodate the Plaintiff by continuing to refuse to transfer her to another plant as she requested in May, 2015.

52. That as proximate and direct result of the Defendant's conduct in violating the Americans with Disabilities Act, the Plaintiff suffered severe and substantial damages and injuries including, but not limited to, lost earnings, loss of benefits and emotional distress.

. WHEREFORE, the Plaintiff prays that this Court grant a judgment in his favor and the following relief;

    A. Back pay and front pay for lost wages;

    B. The monetary equivalent of the value of her lost benefits;

    C. Compensatory damages for emotional distress;

    D. Costs of suit and her reasonable attorney's fees

    E. Such other relief as the court may deem just.

                                      KRISTY L. BRESSLER-Plaintiff

                                 By:/s/Charles J. Prorok
                                         Charles J. Prorok

Charles J. Prorok  ARDC # 2258595
Prorok Law Office, P.C.
One Court Place, Suite 301
Rockford, Illinois 61101
815-964-4601 ext 105
c.prorok@comcast.net

## **VERIFICATION**

The undersigned declares under penalty of perjury that he is the plaintiff in the above action, that he has read the above Second Amended Complaint, and that the information contained therein is true and correct.  28 U.S.C. §1746; 18 U.S.C. §1621.

Executed at   Prorok Law Office, P.C.                              on September 8, 2017

/s/Kristy L. Bressler
Kristy L. Bressler